IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE BENSALEM MASJID, INC.<br><br>v.<br><br>BENSALEM TOWNSHIP,<br>PENNSYLVANIA, et al. | CIVIL ACTION<br><br>NO. 14-6955 |

## MEMORANDUM RE DEFENDANTS' MOTION TO DISMISS

**Baylson, J.**                                                                                               **September 22, 2015**

      This case arises from the denial of Plaintiff Bensalem Masjid's application for a use variance to build a mosque on a split zoned parcel of property in Bensalem, Pennsylvania. Plaintiff's First Amended Complaint (ECF 18) asserts claims under the First and Fourteenth Amendments to the U.S. Constitution pursuant to 42 U.S.C. § 1983 (2015), the federal Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc (2015) ("RLUIPA"), the Pennsylvania Municipal Code, and the Pennsylvania Religious Freedom Protection Act, 71 Pa. Cons. Stat. §§ 2401-2407 (2015) ("PA RFPA").

      Defendants Bensalem Township ("Township") and Bensalem Township Zoning Hearing Board ("Board") move to dismiss (ECF 22 and ECF 22-1) pursuant to Fed. R. Civ. P. 12(b)(6) and (as clarified in Defendants' Reply, ECF 25) Fed. R. Civ. P. 12(b)(1).  The Court will grant Defendants' Motion as to Count V (First Amendment Prior Restraint) because that claim seeks a ruling on a hypothetical dispute.  The Court will also dismiss Count VIII (Pennsylvania Municipal Planning Code) without prejudice given that the Court lacks jurisdiction over the appeal of Board's zoning decision.  In all other respects, however, Defendants' Motion is denied.[1]

---

[1] In light of the disposition of this Motion, Plaintiff's Motion to File Supplemental Authority (ECF 26) and Defendants' Motion to File Supplemental Authority (ECF 27 and ECF 28) will be denied as moot.

# I. Allegations

## A. Township's Land Regulations

Township has adopted a zoning ordinance governing land use within Bensalem.  See ECF 18, Pl.'s Am. Compl. ¶¶ 124-133.  Four land classifications concern this Motion:

(1) the Institutional ("IN") zoning district;

(2) the R-A residential zoning district;

(3) the R-11 residential zoning district; and

(4) the Business Professional ("BP") zoning district.

As enumerated in Township's Code, the purpose of the BP zoning district is to "provide reasonable standards for the harmonious development of office space for health and other professionals, business and related uses which are necessary to service Township residents;"[2] the purpose of the R-A zoning district is "to protect, preserve, and maintain existing agricultural, recreation, conservation and other open-space purposes";[3] and the purpose of the R-11 zoning district is "to provide low to medium density single-family, detached residential housing, [and] provide for the preservation of natural resources and environmental features that are unique to each R-11 district."[4]  Under Township's ordinance, religious houses of worship are only permitted within the IN zoning district.  Id. ¶ 131.

Plaintiffs allege that Township's BP, R-A and R-11 zoning districts permit several secular uses that are comparable to the impact a religious house of worship would have on Township's overall zoning scheme.  Id. ¶¶ 134-137.  For example, the BP zone allows "colleges and universities" despite being primarily concerned with developing businesses.  See id. ¶ 135. The R-A zoning district similarly allows municipal buildings, railway stations, and private

---

[2] BENSALEM, PA. TWP. CODE § 232-433 (1998).
[3] Id. at § 232-109.
[4] Id. at § 232-225.

educational institutions despite being primarily designed to preserve recreational and other open spaces. See id. ¶ 136. Finally, the R-11 district allows municipal buildings and child, adult or senior citizen day care centers despite being designed to preserve medium-density single-family homes. See id. ¶ 137.

Township has established use variance criteria that, if satisfied, entitle a property owner to develop land without conforming to Township's zoning restrictions. See id. ¶¶ 150-151. Board adjudicates applications for variances. Id. ¶¶ 151.

To be entitled to a use variance, an applicant must satisfy criteria that include demonstrating unnecessary hardship resulting from "unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property" that make it impossible to develop the property "in strict conformity with the provisions of the zoning ordinance [such that] a variance is therefore necessary to enable the reasonable use of the property." Id. However, Board has allegedly not applied the use variance requirements strictly to other applicants and has granted variances absent evidence of hardship arising from unique physical features of the property and/or evidence of impossibility of developing the property in conformity with the ordinance. Id. ¶¶ 152, 220-265.

**B. Plaintiff Seeks a Use Variance to Build a Mosque in Bensalem**

Plaintiff is an Islamic religious organization with a congregation based primarily in Bensalem, Pennsylvania. Id. ¶¶ 5, 10-11. Plaintiff currently worships in a rented fire hall alongside another Muslim group because there is no mosque anywhere nearby. Id. ¶¶ 14-33. The arrangement causes Plaintiff's members to violate their religious beliefs in several material respects. Id. ¶¶ 12, 14-16, 34-68.

In 2008, Plaintiff began searching for a location to build a mosque. Id. ¶ 75. Plaintiff allegedly was unable to acquire property in the IN zone despite five years of attempting to do so and avers that there are no IN zone sites that could serve as a mosque. Id. ¶¶ 75-82, 138. In 2012, however, Plaintiff acquired leases on three neighboring parcels (collectively, the "Property") with an option to purchase the land upon the granting of a use variance or other approval permitting the development of a mosque. Id. ¶¶ 69-71, 84. Two portions of the Property are zoned for residential use in R-A and R-11 zoning districts, while the third is zoned in the BP district. Id. ¶¶ 84-85.

Plaintiff never applied to have the properties at issue rezoned,[5] opting instead to apply to Board for a use variance in December 2013. Id. ¶¶ 150, 160. Plaintiff plausibly alleges that its application met all of Township's criteria for a use variance. Id. ¶¶ 191-197. Board held five public hearings on Plaintiff's proposal before denying the petition on November 6, 2014 and issuing formal Findings of Fact and Conclusions of Law on December 4. Id. ¶¶ 163, 198, 201. Plaintiff's application is the first time Board ever denied a use variance for a religious institution. Id. ¶ 270.

**C. Allegations Regarding Board's Denial of Plaintiff's Use Variance**

Plaintiff alleges that Board treated Plaintiff's application with harsher scrutiny than those of other applicants. Board subjected Plaintiff to five public hearings before deciding the variance while other applicants had as few as one. Id. ¶¶ 228, 236, 243, 248, 265. Board also questioned Plaintiff far more rigorously about its religious practices than it has ever done to members of other faiths and investigated Muslim places of worship in other jurisdictions and states. Id. ¶¶ 291-294. Board further improperly inquired if Plaintiff's proposed mosque could

---

[5] Plaintiff avers it did not do so after being informed by Township's Mayor and Director of Building and Planning that rezoning was unlikely to be granted and that a use variance would be the most appropriate method of obtaining approval to build the mosque. ECF 18, Pl.'s Am. Compl. ¶¶ 156-159, 172-175.

handle growth and scrutinized the mosque's impact on traffic and parking even though such criteria are irrelevant to a use variance application. Id. ¶¶ 213-215, 235, 266-268, 280-290, 298.

Plaintiff also alleges that Board applied more stringent criteria to Plaintiff in evaluating whether a use variance was in order. Id. ¶¶ 217-218. Plaintiff points to several other use variance approvals in which the applicant did not prove hardship resulting from physical features of the parcel or impossibility of development in conformity with the zoning ordinance. Id. ¶¶ 221-265.

Plaintiff further alleges that statements from Board and from members of the audience at hearings on Plaintiff's application reflect anti-Muslim animus. Id. ¶¶ 216 (board member had greater concerns about Plaintiff's proposed use because he is unfamiliar with the uses of a mosque); 296-302 (audience members applaud comments about Muslims spilling out into the streets to pray when congregants outgrow a mosque).

Finally, Plaintiff avers that Board's denial constitutes an abuse of discretion as Board lacked substantial evidence for its findings, applied the law incorrectly, and made its decision in an arbitrary and capricious manner. Id. ¶ 335. In light of the disposition of Count VIII discussed below, however, the Court will not explore these allegations in detail here.

## II. Analysis

### A. Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although Defendants cite this standard, much of their Motion and Reply dispute facts that Plaintiff has pled. Most notably, Defendants repeatedly argue that Plaintiff did not attempt to satisfy the legal standard for "hardship" in making its use variance application. E.g., ECF 22-1 at 6. Defendants' attempt to dispute the facts in Plaintiff's complaint is simply inappropriate at this juncture.

### B. Scope of Materials Considered

Defendants attached several exhibits to their Motion, including excerpts from hearing testimony on Plaintiff's application for a use variance (see ECF 22-5, Ex. D) and prior use variance decisions from Board (see, e.g., ECF 22-5, Ex. E). Defendants ask the Court to consider these materials as "public records" in deciding the Motion to Dismiss. ECF 22-1 at 13.

The Court declines to consider Defendants' exhibits because doing so would convert Defendants' Motion to Dismiss into one for summary judgment pursuant to Fed. R. Civ. P. 12(d). The Third Circuit has defined public records to be those materials to which the public has "unqualified access," see Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1197 (3d Cir. 1993) and it is far from clear that these materials meet that standard. The Third Circuit has also held that is inappropriate on a motion to dismiss to consider records of a meeting for the purpose of drawing factual inferences. See Beverly Enters., Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999) (declining to consider videotape of a meeting). More fundamentally, as evidenced by the opposing interpretations of Board's former zoning variances, these materials are highly contested and discovery would aid the Court in interpreting them. The parties may return to these documents and raise their contentions after discovery has concluded.

6

### C. Plaintiff's Claims are Ripe for Adjudication

The crux of Defendants' Motion is that Plaintiff's claims are unripe and should therefore be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff never sought rezoning of the Property. Defendants' argument fails. The Third Circuit has held that a land use claim is ripe when "state zoning authorities [have been] given an opportunity to arrive at a final, definitive position regarding how [they] will apply the regulations at issue to the particular land in question . . . ." Taylor Inv., Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1291 (3d Cir. 1993) (citations and alteration omitted). "A claim is 'final' . . . after the zoning hearing board has rendered a decision. Finality does not require state court review of the board's decision." Id. at 1292 n.12.

Defendants do not cite any case from any jurisdiction holding that the failure to apply for rezoning prevents review of a denial of a use variance. Defendants cite Thompson v. Borough of Munhall, 44 F. App'x 582 (3d Cir. 2002) (non-precedential) for the proposition that "applicants do not have a right to avoid applying for both a use variance and a zoning change when relevant," ECF 25 at 4, but in Thompson the plaintiff's claims were unripe because plaintiff applied for rezoning but not a variance. The distinction is not "form over substance," contrary to what Defendants contend. ECF 25 at 5. In fact, every case in Defendants' briefing involving ripeness concerned a situation in which a party failed to exhaust its administrative remedies, as by failing to apply for a variance or failing to appeal a denial. E.g., Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 597 (3d Cir. 1998) (case unripe because of plaintiff's failure to finish appealing denial of demolition permit to the Board of License Review).

In this case, Board took final action by denying Plaintiff's use variance application. Plaintiff's claims as regards that decision are ripe for adjudication.

### D. Count I – RLUIPA "Substantial Burden"

RLUIPA provides in relevant part that a government shall not "impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless [the imposition] is in furtherance of a compelling governmental interest; and . . . is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C.A. § 2000cc(a) (2015); Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch, 510 F.3d 253, 261 (3d Cir. 2007).

Plaintiff has plausibly alleged that the denial of the use variance substantially burdened its religious exercise. See Congregation Kol Ami v. Abington Twp., No. Civ.A. 01-1919, 2004 WL 1837037, at *9 (E.D. Pa. Aug. 17, 2004) (denying summary judgment in a RLUIPA substantial burden case where township denied plaintiff's request for either a variance, a special exception or permission to use the property as an existing non-conforming use). Notably, in Kol Ami the burden was less than what Plaintiff alleges: the Kol Ami plaintiffs had other sites available to build a house of worship, id. at *19, whereas Plaintiff alleges there are no other properties in Bensalem for Plaintiff to use.

Accordingly, the Court will DENY Defendants' Motion to Dismiss Count I.

### E. Count II – RLUIPA "Nondiscrimination"

RLUIPA provides in relevant part, "No government shall impose or implement a land use regulation that discriminates against any assembly or institution on the basis of religion or religious denomination." 42 U.S.C.A. § 2000cc(b)(2) (2015). Plaintiff's Amended Complaint plausibly alleges that Board both applied different and more vigorous use variance standards to Plaintiff in evaluating Plaintiff's use variance application and displayed animus towards Muslims generally. These allegations suffice to state a claim under RLUIPA's nondiscrimination

provision. See Adhi Parasakthi Charitable, Med., Educ., & Cultural Soc'y of N. Am. v. Twp. of W. Pikeland, 721 F. Supp. 2d 361, 386 (E.D. Pa. 2010) (denying summary judgment on RLUIPA nondiscrimination claim based on allegations that plaintiff faced a more rigorous approval for conditional use variance).

Accordingly, the Court will DENY Defendants' Motion to Dismiss Count II.

### F. Count III – RLUIPA "Unreasonable Limitation"

Plaintiff asserts Defendants' conduct violates RLUIPA's provision holding "no government shall impose or implement a land use restriction that . . . unreasonably limits religious assemblies, institutions or structures within a jurisdiction," 42 U.S.C.A. § 2000cc(b)(3)(B) (2015). Plaintiff alleges Defendants' zoning plan limiting where religious institutions can locate is unreasonable because houses of worship are only permitted on IN zoned parcels and there are no such parcels available in Bensalem. The Court will DENY Defendants' Motion to Dismiss Count III.

### G. Count IV – RLUIPA "Equal Terms"

"[A] plaintiff asserting a claim under the RLUIPA Equal Terms provision must show (1) it is a religious assembly or institution, (2) subject to a land use regulation, which regulation (3) treats the religious assembly on less than equal terms with (4) a nonreligious assembly or institution (5) that causes no lesser harm to the interests the regulation seeks to advance." Lighthouse Inst., 510 F.3d at 270. In this case, Plaintiff has pled that several permitted uses on the Property would have much greater land impacts than the proposed mosque. ECF 18 ¶ 134. For example, parcels in the R-A and R-11 zones can be developed into municipal buildings even though the purpose of the R-A zone is "to protect, preserve, and maintain existing agricultural, recreation, conservation and other open-space purposes" and the purpose of the R-11 zone is to

"provide low to medium density single-family, detached residential housing, [and] provide for the preservation of natural resources and environmental features that are unique to each R-11." The discrepancies between these permitted uses and Plaintiff's proposed use justify Plaintiff's Equal Terms claim. Lighthouse Inst., 510 F.3d at 272 (granting plaintiff's motion for summary judgment on Equal Terms claim where township failed to explain how permitted "assembly hall" would cause less harm to town's ordinance than proposed church). Defendants are wrong in insisting Plaintiff must identify an identical comparator, i.e. a secular developer with three differently zoned lots.

Accordingly, the Court will DENY Defendants' Motion to Dismiss Count IV.

### H. Count V: First Amendment Prior Restraint

"[A] licensing statute placing unbridled discretion in the hands of a government official or agency constitutes a prior restraint . . . ." City of Lakewood v. Plain Dealer Pub. Co., 486 U.S. 750 (1988). Plaintiff bases its Prior Restraint claim on what it claims is Defendants' theory of Township's zoning laws, i.e. that any house of worship needs to apply for legislative rezoning as opposed to a use variance. ECF 24 at 47-51. Plaintiff argues that such a scheme amounts to a prior restraint on speech because rezoning is subject to Township's unbridled discretion under Pennsylvania law.

Plaintiff's Prior Restraint claim amounts to arguing a hypothetical. See ECF 24 at 47-48 ("this would be an unconstitutional prior restraint"). As discussed above, a property owner need only apply for a zoning variance and such variances will be granted if an applicant can satisfy specific enumerated criteria pursuant to procedural safeguards, such as an appeal to the Court of Common Pleas. See 53 P.S. § 11002-A (2015). Because this Court cannot opine on theoretical disputes, Williams v. BASF Catalysts LLC, 765 F.3d 306, 327 (3d Cir. 2014) (citations omitted)

("[T]he judicial power does not extend to hypothetical disputes, and federal courts may not give opinions advising what the law would be upon a hypothetical state of facts."), Count V does not state a claim upon which relief can be granted.

Accordingly, the Court will DISMISS COUNT V WITH PREJUDICE.

### I. Count VI – First Amendment Free Exercise

Because Plaintiff alleges that Township's ordinance was discriminatorily enforced against it, issues of fact preclude dismissing Plaintiff's Free Exercise claim. Adhi Parasakthi, 721 F. Supp. 2d at 378 (denying summary judgment). Accordingly, the Court will DENY Defendants' Motion to Dismiss Count VI.[6]

### J. Count VII – Equal Protection

"[T]he first inquiry a court must make in an equal protection challenge to a zoning ordinance is to examine whether the complaining party is similarly situated to other uses that are either permitted as of right, or by special permit, in a certain zone. If, and only if, the entities are similarly situated, then the city must justify its different treatment of the two, perhaps by citing to the different impact that such entities may have on the asserted goal of the zoning plan." Congregation Kol Ami v. Abington Twp., 309 F.3d 120, 137 (3d Cir. 2002).

The Third Circuit has held in the context of employment discrimination claims that determining who is a similarly situated employee "requires a court to undertake a fact-intensive inquiry on a case-by-case basis." Monaco v. Am. Gen. Assur. Co., 359 F.3d 296, 305 (3d Cir. 2004). By analogy, determining if Plaintiff has proven itself to be similarly situated to other

---

[6] The Court notes that Defendants accuse Plaintiff of misstating the standard for strict scrutiny under the First Amendment, claiming that there is no "least restrictive means" test. ECF 25 at 11 n.9. Defendants fail to explain why that distinction is significant for purposes of this motion. Moreover, the Supreme Court's most recent consideration of the issue failed to resolve the question of whether prior precedent holding that no "least restrictive means" test exists is erroneous. Burwell v. Hobby Lobby Stores, Inc., 134 S. Ct. 2751, 2767 n.18 (2014) ("[I]n City of Boerne we stated that RFRA, by imposing a least-restrictive-means test, went beyond what was required by our pre-Smith [First Amendment] decisions. Although [Justice Ginsburg] joined the Court's opinion in City of Boerne, she now claims that the statement was incorrect. For present purposes, it is unnecessary to adjudicate this dispute.").

11

permitted uses is inappropriate on a motion to dismiss. Defendants have also failed to assert any justification for the different treatment Plaintiff alleges, instead choosing to contest the factual question of whether different treatment occurred.

Accordingly, the Court will DENY Defendants' Motion to Dismiss Count VII.

### K. Count VIII – Pennsylvania Municipal Planning Code

Count VIII asks the Court to review Board's denial of Plaintiff's request for a use variance. Neither party addresses in detail the issue of whether this Court has jurisdiction to serve as an appellate body for Board's decision. The Third Circuit has repeatedly noted that "[f]ederal courts have expressly disavowed any desire to sit as a statewide board of zoning appeals hearing challenges to actions of municipalities." Izzo v. Borough of River Edge, 843 F.2d 765, 769 (3d Cir. 1988); see also McLaughlin v. Forty Fort Borough, 64 F. Supp. 3d 631, 640 (M.D. Pa. 2014) ("the Court does not have jurisdiction to entertain a zoning appeal").

In this case, review of Board's decision pursuant to Pennsylvania's Municipal Code is not "so related to claims in the action within such original jurisdiction that [it forms] part of the same case or controversy under Article III of the United States Constitution" for purposes of supplemental jurisdiction. 28 U.S.C. § 1367 (2015). Instead, Plaintiff should follow Pennsylvania's statutory procedures and appeal denial of Board's decision to the Bucks County Court of Common Pleas. 53 P.S. § 11002-A (2015). Accordingly, the Court will GRANT Defendants' motion as to Count VIII and dismiss it without prejudice.

### L. Count IX – PA RFPA

As to Count IX, Defendants argue that the PA RFPA duplicates the RLUIPA for purposes of analysis. ECF 22-1 at 32. Beyond denying the Motion to Dismiss because questions of fact exist as highlighted above, the Court notes that the very case Defendants cite for their

duplication argument illustrates that the two statutes are conceptually distinct. Congregation Kol Ami, 2004 WL 1837037, at *15, *19 (dismissing claim under PA RFPA for failure to show substantial burden while denying summary judgment on a RLUIPA substantial burden claim). The Court will DENY Defendants' Motion to Dismiss Count IX.

### M. Defendants' Suggestion that Plaintiff Should Be Sanctioned

In their Reply filing, Defendants suggested Plaintiff should be sanctioned for (among other things) allegedly misquoting the legislative history of RLUIPA. ECF 25 at 6 n.6. The Court notes that it was Defendants who initially misquoted a portion of RLUIPA's legislative history in their Motion (ECF 22-1 at 15). Plaintiff cited Defendants' brief in order to analyze this history (ECF 24 at 14-15), apparently believing the quote to be accurate. Only then did Defendants correct the quote in their Reply before repeatedly accusing Plaintiff of "selectively misquot[ing] the legislative history" (ECF 25 at 1, 2, 5-6) for quoting the Motion with the original misquote. The Court declines to impose sanctions at this time.

### III. Conclusion

Because Plaintiff has plausibly alleged facts in support of the majority of its claims, and because Defendants are wrong in arguing that Plaintiff's failure to seek rezoning deprives this Court of jurisdiction, the Court will deny Defendants' Motion to Dismiss except as follows. The Court will dismiss Count V with prejudice as Plaintiff's facial Prior Restraint challenge to Defendants' zoning laws is predicated on a hypothetical procedure. The Court will also dismiss Count VIII without prejudice because the Court does not have jurisdiction to entertain Plaintiff's zoning appeal.

An appropriate Order follows.

O:\CIVIL 14\14-6955 bensalem masjid inc. v. bensalem twp\14-cv6955.2015.09.22.memo.mtd.docx