### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE BENSALEM MASJID, INC.**<br><br>      **v.**<br><br>**BENSALEM TOWNSHIP,**<br>**PENNSYLVANIA, et al.** | **CIVIL ACTION**<br><br>**NO.  14-6955** |

## MEMORANDUM RE PLAINTIFF'S MOTION FOR RECONSIDERATION

**Baylson, J.**                                                                                 **November 13, 2015**

Plaintiff Bensalem Masjid has moved for partial reconsideration of the Court's September 22, 2015 Order dismissing Count VIII of the First Amended Complaint without prejudice.

In dismissing Count VIII, this Court held that "review of Board's decision pursuant to Pennsylvania's Municipal Code is not so related to claims in the action within such original jurisdiction that [it forms] part of the same case or controversy under Article III of the United States Constitution for purposes of supplemental jurisdiction."  ECF 30 at 12 (citations omitted). Plaintiff disagrees.  However, "disagreement with the outcome of the District Court's opinion is not the proper basis for a motion for reconsideration."  Geatti v. AT & T, No. 06-2704, 232 F. App'x. 101, 104 (3d Cir. Apr. 16, 2007) (citing Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  Instead, "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe, 176 F.3d at 677.

In this case, there has been no intervening change in law or new evidence.  Nor has the Court made any clear error of fact or law in declining to accept jurisdiction over Plaintiff's claim under the Pennsylvania Municipal Code, which does not arise from the same common nucleus of fact as Plaintiff's other allegations and which would run afoul of the Third Circuit's instruction that federal district courts do not sit as statewide boards of zoning appeal.  Izzo v. Borough of River Edge, 843 F.2d 765, 769 (3d Cir. 1988).  Plaintiff's motion will therefore be denied.

An appropriate Order follows.


O:\CIVIL 14\14-6955 bensalem masjid inc. v. bensalem twp\14cv6955.2015.11.13.memo.mtr.docx